Andrew D. Wright, #8857
Nicholas A. Bender, #15490
**STRONG & HANNI**
9350 South 150 East, Suite 820
Sandy, Utah 84070
T: (801) 532-7080
F: (801) 596-1508
awright@strongandhanni.com
nbender@strongandhanni.com

*Attorneys for Defendant Mutual of Enumclaw*
 *Insurance Company*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| MAX TANNER MCARTHUR,<br><br>    Plaintiff,<br><br>v.<br><br>MUTUAL OF ENUMCLAW INSURANCE COMPANY,<br><br>    Defendant. | **Defendant's Notice of Removal**<br><br>Case No.: 2:20-cv-00895-TS<br><br>Judge: Ted Stewart<br><br>Magistrate: |

Defendant Mutual of Enumclaw Insurance Company ("Defendant") provides notice of removal of this action from the Fourth District Court, Utah County, State of Utah, to the United States District Court for the District of Utah (Central Division).

Removal is made pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and is proper based on (1) complete diversity of citizenship of the parties and (2) an amount in controversy exceeding $75,000, as supported by the following.[1]

---

[1] Defendant complies herein with new local rule, DUCivR 81-2, regarding removed actions.

1. Plaintiff served on Defendant on 11/20/20 a Complaint in an action entitled *Max Tanner McArthur v. Mutual of Enumclaw Insurance Company*, in the Fourth District Court, Utah County, State of Utah. A copy of the state court docket is attached to this Notice as Exhibit A.

2. The Complaint alleges that Plaintiff "is, and at all relevant times has been, an individual residing in Utah County, State of Utah." (Compl. at ¶ 1, Ex. B.)

3. The Complaint alleges that Defendant "is a company who does business in the State of Utah and issued the subject insurance policy in Utah County, State of Utah." (Compl. at ¶ 2, Ex. B.)

4. Plaintiff thus doesn't allege that Defendant, a corporation, is incorporated in Utah or has its principal place of business in Utah.

5. In fact, Defendant is incorporated in Oregon and has its principal place of business in Enumclaw, Washington. (Ex. C, Decl. of Brett Byerly). Defendant thus has foreign citizenship and domicile for purposes of diversity jurisdiction.

6. Plaintiff designates his case as Tier 3 under URCP 26(c)(3), meaning he alleges damages of $300,000 or more. (Compl. at pp. 1 and 4, Ex. B.)

7. Plaintiff alleges that he was involved in an auto accident with an underinsured driver and that "[t]he value of Plaintiff's claim far exceeds the $100,000 limits of coverage provided by the underinsured driver's insurance carrier." (Compl. at ¶¶ 8-20, Ex. B.)

8. Plaintiff alleges that "[a]s a direct and proximate result of the Collision, Plaintiff has suffered, and will continue to suffer, noneconomic damages in the form of pain and suffering, including but not limited to, head, back, and neck pain, pain and suffering, impairment, and other damages as the evidence may show at trial." (Compl. at ¶ 17, Ex. B.)

9. Plaintiff alleges that Defendant breached its insurance contract with Plaintiff. (Compl. at ¶¶ 23-28, Ex. B.)

10. Plaintiff seeks damages, including past and future economic losses in an amount to be proven at trial; non-economic losses in an amount to be proven at trial; incidental and consequential damages in an amount to be proven at trial; costs of suit, pre- and post-judgment interest, and attorneys' fees as provided by law; and further relief as the court deems just and proper. (Compl. at p. 4, Ex. B.)

11. The bodily-injury UIM limits for the subject policy are $500,000 per person. (Policy Declarations, Ex. D.)

12. As set forth above, Plaintiff's damages-claims as pleaded exceed the federal monetary jurisdictional threshold.

13. Removal of this action is proper under 28 U.S.C. § 1332(a) and § 1441(a)-(b) because the parties have complete diversity of citizenship (as Plaintiff is a citizen of Utah and Defendant, a corporation, has its principal place of business in Washington and is incorporated in Oregon) and because the alleged damages at issue satisfy the jurisdictional requirement of an amount in controversy in excess of $75,000.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

14. This Notice is filed within 30 days after the Complaint was served on Defendant on 11/20/20. 28 U.S.C. § 1446(a)-(b).

DATED this 18th day of December, 2020.

**STRONG & HANNI**

   */s/ Andrew D. Wright*
Andrew D. Wright
Nicholas A. Bender
*Defendant Mutual of Enumclaw Insurance Company*

**Certificate of Service**

I hereby certify that on this 18th day of December, 2020, a true and correct copy of the foregoing **Defendant's Notice of Removal** was served by the method indicated below, to the following:

| | |
|---|---|
| Eric S. Olson<br>Lena Daggs<br>EISENBERG CUTT KENDELL & OLSON<br>215 South State Street, Suite 900<br>Salt Lake City, UT 84111<br>eolson@eckolaw.com<br>ldaggs@eckolaw.com<br>*Attorneys for Plaintiff* | ( )  U.S. Mail, Postage Prepaid<br>( )  Hand Delivered<br>( )  Facsimile<br>(X)  Email<br>(X)  CM/ECF System |

   */s/ Heidi McEwen*